STATE v. STEVEN LEE PALMER.

250 N. W. 2d 171.

January 7, 1977—No. 46204.

*C. Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, *Vernon E. Bergstrom, David W. Larson*, and *Phebe Haugen*, Assistant County Attorneys, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated assault and was sentenced by the trial court to a 3- to 5-year term at the state reformatory. Minn. St. 609.11, 609.225, subd. 2. Appealing from judgment of conviction, defendant contends that there was, as a matter of law, insufficient evidence on the issue of identification and that he was denied due process (a) by the admission of evidence of a prior conviction and (b) by the manner in which the prosecutor referred in closing argument to this conviction. We affirm.

There was a dispute in the evidence as to whether it was defendant or his brother who committed the assault. The victim did not see who

attacked him but his son did and he positively identified defendant. Also, the testimony of defendant's brother implicated defendant. Although defendant introduced evidence to the contrary, we believe that the jury was justified in crediting the state's witnesses and finding defendant guilty.

Defense counsel elicited on direct examination of defendant an admission that in 1972 defendant had been convicted of robbery in Texas. On cross-examination the prosecutor elicited testimony that the correct title of his prior offense was "robbery by assault." Defense counsel did not object to this nor did he object to the manner in which the prosecutor referred to the conviction in closing argument. Thus, the defendant waived any right to contend on appeal that the admission of the evidence or the comment by the prosecutor violated his right to due process.

Affirmed.